WILSON v. PALO ALTO COUNTY.

1. **Contract**: CONSTRUCTION: SALE OR SECURITY. B. & G. had contracted to build a court house for the defendant county, and had purchased materials therefor of W., but had not paid for the materials, and nothing was yet due from the defendant on the contract. In order to make a payment on the materials out of the contract price of the building, B. & G. and W. made a bill of sale of the materials to defendant, whereupon defendant paid to W., to be applied on the price of the materials, (which was $1,900,) the sum of $450 of the contract price of the building. Afterwards, defendant made further payments to W. upon orders made by B. & G., but the materials were never fully paid for. *Held* that the bill of sale was not a transfer of the title of the materials from W. to the defendant, because W. had already transferred his title to B. & G., but that the effect of the writing (for the particulars of which see opinion) was only to secure the defendant for an advance of $450 of the contract price before it was due, and that W. could not recover of the defendant the unpaid portion of the price of the materials.

*Appeal from Clay District Court.*

MONDAY, MARCH 14.

THIS is an action at law by which the plaintiff seeks to recover of the defendant the purchase price of certain lumber and materials alleged to have been sold by the plaintiff to the defendant, to be used in the construction of a court house. The defendant denies that it purchased any of said lumber and materials of the plaintiff. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Soper, Crawford & Carr,* for appellant.

*T. W. Harrison,* for appellee.

ROTHROCK, J.—This action is founded on a written contract of which the following is a copy:

"Know all men by these presents, that we, Burdick & Goble, of Palo Alto county, Iowa, and J. J. Wilson, of Kossuth county, Iowa, on the one part, in consideration of the

sum of $450 to us paid by the county of Palo Alto, state of Iowa, party of the second part, the receipt whereof is hereby acknowledged, do hereby sell, transfer and convey, and by these presents have sold, transferred and conveyed, unto the said party of the second part the following described property, to-wit: All the lumber now in the court house square in said county, or bought of said J. J. Wilson by said Burdick & Goble, or either of them, and all window and door frames and sash, either in the carpenter shop owned by said Burdick & Goble, or on said court house square;—to have and to hold the same forever, for the purpose of using the said lumber, sash, etc., in building and constructing the court house now in process of construction in Emmetsburg, Palo Alto county, Iowa, except such as may be condemned by the proper authorities; and we hereby agree and covenant to warrant and defend the title to said property unto the said party of the second part against the claims of all persons whomsoever.

" Witness our hands this sixteenth day of June, 1886.

" BURDICK & GOBLE.

" D. E. BURDICK & J. J. GOBLE.

" J. J. WILSON,

" By J. L. MARTIN, Agent."

Duly acknowledged before John J. Robins, notary public.

" It is hereby agreed and understood that, so far as J. J. Wilson is concerned, the above bill of sale is not an absolute evidence of payment by the county of the lumber bought of him, but only for such portion as may be paid him; and it does not preclude said Wilson from recovering from the proper parties all amounts that may, from time to time, be due him for lumber sold to said Burdick & Goble, or either of them.

" *Dated June* 16, 1880.

" PALO ALTO COUNTY, IOWA,

" By ROBERT SHEA,

" JOHN J. ROBINS,

" Building Com."

The defendant denied that it at any time purchased the lumber and material of the plaintiff, but that the same were sold by the plaintiff to Burdick and Goble, and that the written contract upon which the suit is founded was taken by the defendant to secure it in the sum of $450 advanced by the defendant to Burdick and Goble, and by them paid to the plaintiff in part payment for the lumber mentioned in the written contract.

The cause was tried in the court below upon the theory that it was competent for the parties to introduce oral evidence as to what the real contract was. We will determine the appeal in the same manner.

It appears from the evidence that D. E. Burdick contracted with the defendant to furnish all the necessary material, and erect a court house for the defendant, according to certain plans and specifications, for the sum of $11,900. He after-wards associated J. J. Goble with him in the undertaking, and the partnership name was Burdick & Goble. They purchased lumber and other materials of the plaintiff, to be used in the building. When their purchases of the plaintiff had amounted to about $1,900, the plaintiff insisted that he should receive some payment thereon. No money was actually due from the county to Burdick & Goble, and, as an expedient to to relieve the plaintiff, the written instrument above set out was executed, and the county paid to the plaintiff $450, for which he executed a receipt in these words:

"EMMETSBURG, IOWA, June 16, 1880.

"Received of Burdick & Goble, per building committee on court house of Palo Alto County, four hundred and fifty dollars.

"J. L. MARTIN,
"For J. J. WILSON & Co."

It is proper to state that Martin was the managing agent of the plaintiff, and that he (Martin) made all the contracts and agreements which were made in the matter in contro-

versy. When the written instrument was executed, there was no sale of the property made by Wilson to the county, for the very satisfactory reason that he was not the owner of the lumber. He had sold it to Burdick & Goble, and there is no evidence that the sale had been rescinded. There is no conflict in the evidence on this important fact in the case. It is claimed, however, that what is called the *addendum* to the contract shows that the instrument was more than a mere security for the money advanced. It is true, it is therein recited that the " bill of sale is not an absolute evidence of payment by the county of the lumber bought of him." In view of the fact that Wilson did not own the lumber named in the bill of sale, the reference to the purchase from him can only be construed to mean the purchase theretofore made by Burdick & Goble, and the reference to his right to recover from the "*proper parties*" all amounts that may from time to time be due him, rebuts the idea that the county was one of these proper parties.

All of the building committee testified as witnesses that the contract was not a purchase of the property, but a mere security for the money advanced. It is true that the building committee afterwards paid the plaintiff considerable sums upon the indebtedness of Burdick & Goble to the plaintiff, but these payments were always made upon the orders of Burdick & Goble. There is really no conflict in the evidence upon the fact that this instrument was made as a mere security for the $450 advanced by the county. Even Martin, the agent of the plaintiff, testified that " the committee said they would advance money on the condition that they be secured on the material, and agreed with Burdick & Goble and ourselves to have the material turned over to them,—all the material we had furnished,—and took the money they advanced us then until the bill was paid;" and he again stated in his testimony that, " before paying the money over, they required this bill of sale as security for the money advanced." It is true that the witness afterwards testified as follows:

" It was understood by the building committee, at the time this *addendum* was made, that this $450 was not all the money we were to have. I know what the building committee then understood, because we talked it up, and they agreed to pay us more in the future. That was the talk between me and this building committee, and that is the reason this *addendum* was made. It was talked over between me and the building committee, and we jointly agreed to make this *addendum*, in order to show that we were to have more pay. It was to secure to Palo Alto county all of this property, and to make Palo Alto county the party responsible to us for the pay. After this contract was made, Burdick & Goble had nothing to do with the payment for this material, except to sign orders *at the request of the building committee.* The county or building committee paid all that was paid after that."

This may all be true without making the county liable to the plaintiff on this claim for a balance due. The county did pay Wilson, but it was always on the orders of Burdick & Goble. They were not bound to honor these orders, unless Burdick & Goble were entitled under their contract to the payments represented by the orders; and it is a conceded fact in the case that Burdick & Goble failed to complete their contract, left the court house unfinished, and the county paid some $5,000 to complete the building. Another fact which shows that the claim of the plaintiff is not a valid claim against the county, is that none of the material for which this suit was brought was actually used in the construction of the court house.

Counsel for the defendant claim that the verdict of the jury is without support in the evidence, and we think the claim is well made.

REVERSED.